### ELLIS v. KRULEWITCH.

(Circuit Court of Appeals, Eighth Circuit. November 16, 1905.)

No. 54.

1. BANKRUPTCY—REVIEW OF REFEREE'S DECISION ON CERTIFICATE.
    Where the only matter certified to the district court for review by a referee in bankruptcy was an order overruling a demurrer to and denying a motion to strike out portions of a motion filed by a trustee, a subsequent order made by the referee on said motion was not before the District Court for review.
    [Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. SAME—MODE OF REVIEW BY CIRCUIT COURT OF APPEALS.
    An order made by a District Court in bankruptcy, confirming or setting aside an order by a referee requiring a bankrupt to turn over property is not reviewable by the Circuit Court of Appeals on a petition for revision in matter of law, where disputed questions of fact are involved.

In Bankruptcy. On petition for review.

W. S. Bicksler (Daniel B. Ellis, Edmon G. Bennett, and George L. Nye, on the brief), for petitioner.

H. H. Hindry (M. Summerfield and Alfred Muller, on the brief), for respondent.

Before SANBORN, Circuit Judge, and PHILIPS and CARLAND, District Judges.

CARLAND, District Judge. From the petition of the trustee filed herein, it appears: That at the first meeting of creditors in the matter of the Western Hat & Cap Company, a bankrupt, Phillip Krulewitch, who was the trustee and manager of said company, was examined, and as a result of such examination, the referee, on motion made in behalf of the trustee, made the following order:

"It is hereby ordered that Phillip Krulewitch, as president and manager of the above named bankrupt, be and appear before the undersigned referee in bankruptcy, on Monday, the 21st day of November, 1904, at the hour of 10 o'clock a. m., and show cause why, if any he has, he should not deliver to Charles F. Ellis, Esq., the trustee of said bankrupt's estate, property of the bankrupt or the proceeds thereof in the value of $9,278.02, as prayed for by such trustee on the application filed November 15, A. D. 1904.
"David V. Burns, Referee in Bankruptcy."

That, at the time and place mentioned in said order, respondent appeared and filed a demurrer to the motion of the trustee and also a motion to strike out portions of said motion, which said demurrer was by the referee overruled, and the motion to strike out denied. Whereupon the respondent asked for time to file an answer to said order to show cause, which request was granted by the referee, and November 26th, at 10 o'clock, was fixed as a time for filing said answer. November 26th respondent filed an answer, but declined to offer any testimony. Thereupon the referee made an order that respondent turn over to the trustee property of the value of $6,000 or its equivalent in cash. That respondent then requested the referee to certify to the district judge the ruling and order which overruled the demurrer, and denied the motion to strike out, for review; and this matter was certified as requested. On February 21, 1905, the judge made the following order as the result of the hearing:

"It is ordered by the court that the order of the referee requiring Phillip Krulewitch, president and manager, to turn over and deliver property to the trustee herein, be, and the same is, hereby vacated, set aside, and for naught held. And the orders of the referee overruling the demurrer of the respondent to the application of the trustee for an order requiring said Krulewitch to turn over property and the order denying the motion of the respondent to strike out certain portions of said application be, and the same and each thereof be, and they are, hereby approved and confirmed. It is further ordered by the court that the referee assign a time and place for a hearing to determine whether or not Phillip Krulewitch, president and manager of the bankrupt, has property in his possession or under his control belonging to the estate of the bankrupt, and that said Krulewitch and the trustee be allowed to introduce testimony on such hearing as they shall be advised."

The answer of the respondent admits the facts stated herein. It is this last-mentioned order that is sought to be reviewed in this court. In this proceeding our jurisdiction is limited to matters of law. By section 38 of the bankruptcy law (Act July 1, 1898, c. 541, 30 Stat. 555 [U. S. Comp. St. 1901, p. 3435]), every act of a referee in bankruptcy is subject to review by the judge of the United States District Court. The only order of the referee which Krulewitch requested the District Court to review was the order which overruled his

demurrer to, and denied his motion to strike out, the trustee's motion for the order for the delivery of the property or money, which the trustee alleged he had in his possession, to the trustee. The proceedings of the referee subsequent to this order overruling the demurrer were not, therefore, properly before the District Court for consideration or review. That court sustained the order which overruled the demurrer and denied the motion to strike out, and directed that Krulewitch have leave to introduce evidence and try the merits of the issue tendered by the motion of the trustee, nevertheless. A proceeding in bankruptcy is a proceeding in equity. Rule 34 of the rules in equity requires the court to give to the defendant an opportunity to answer when his demurrer is overruled, and by analogy with this rule and the equity practice there was no error in the order of the court below to the effect that the parties should have an opportunity to present their evidence and to be heard upon the issue tendered by the motion of the trustee after the demurrer to it was sustained by the court.

Moreover, if the final order of the referee, made in the proceeding subsequent to the order overruling the demurrer, were here for review, it is difficult to perceive how error of law could be predicated of it, because it is made upon evidence from which men of different minds might draw different conclusions, and a question of this nature is a question of fact, reviewable by appeal and not by petition for review. Under section 2, subsec. 10, of the bankruptcy law (30 Stat. 546 [U. S. Comp. St. 1901, p. 3421]), the district judges have the power to "consider and confirm, modify or overrule, or return with instructions for further proceedings the records and findings certified to them by referees."

There was no error of law in the action of the district judge challenged by this petition, and the petition is accordingly dismissed.